```
                     UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                          SOUTH BEND DIVISION

DAVID M. BURKS-BEY,              )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )    CAUSE NO. 3:10-CV-0159
                                 )
CLAIR RETEK, et al.,             )
                                 )
          Defendants.            )
```

## OPINION AND ORDER

This matter is before the Court on the motion for leave to proceed *in forma pauperis* filed by Plaintiff David M. Burks-Bey on April 27, 2010. For the reasons set forth below, Plaintiff's *in forma pauperis* application is **DENIED**.

Burks-Bey, a *pro se* prisoner confined at the Westville Correctional Facility, submitted a complaint without payment of the filing fee and seeks *in forma pauperis* status. A prisoner may not bring a civil action *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Where the court dismisses some claims or defendants from a complaint based on the grounds set forth in § 1915(g), it counts

as a strike. *George v. Smith*, 507 F.3d 605, 607-8 (7th Cir. 2007), citing *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004).

In *George,* the court noted that the district court had "assumed that a single non-frivolous claim in a blunderbuss complaint makes the suit as a whole non-frivolous," thus avoiding a strike. *George v. Smith*, 507 F.3d at 607. In *Boriboune*, the court noted that "when any claim in a complaint or appeal is 'frivolous, malicious, or fails to state a claim upon which relief can be granted,' all plaintiffs incur strikes." *Boriboune v. Berge*, 391 F.3d 852, 855. In *George*, the court held that "George thus incurs two strikes in this litigation — one for filing a complaint containing a frivolous claim, another for an appeal raising at least one frivolous objection to the district court's ruling." *George v. Smith*, 507 F.3d at 608.

The records of the United States District Court for the Northern District of Indiana establish that the disposition of four case filed by David M. Burks-Bey qualify as "strikes" within the meaning of §1915(g):

(1) *David M. Burks-Bey v. Ms. Lawson, et al., 3:03cv577RM,* a claim and several defendants dismissed pursuant to 28 U.S.C. § 1915A on October 22, 2003, (DE 10);

(2) *David M. Burks-Bey v. Sally Stevenson, et al.*, 3:04cv96AS, several claims and defendants dismissed pursuant to 28 U.S.C. § 1915A on July 12, 2004, (DE 10);

(3) *David M. Burks-Bey v. Ms. Jones, et al.,* 3:04cv410 AS, dismissed pursuant to 28 U.S.C. § 1915A on October 26, 2004, (DE 7); and

2

(4) *David Michael Burks-Bey v. Tippecanoe County Jail, et al.* 4:06cv134 AS, dismissed pursuant to 28 U.S.C. § 1915A on November 8, 2006. (DE 5).

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

Burks-Bey alleges in his complaint that while he was confined at the Miami Correctional Facility ("MCF") in 2009, MCF officials denied him access to the courts when they did not provide him with stationary he needed to pursue an appeal in the Indiana Court of Appeals. (DE 1 at 4). None of the complaint's allegations suggest that Burks-Bey is under imminent danger of serious physical injury at the Westville Correctional Facility. Accordingly, Plaintiff's petition to proceed *in forma pauperis* is **DENIED**.

The plaintiff still may proceed with this case, but to do so he must pay the full amount of the filing fee. The court **AFFORDS** Plaintiff to and including July 16, 2010, within which to pay the $350.00 filing fee, and **ADVISES** Plaintiff that if he does not pay the filing fee by that date, this case will be dismissed without further notice without affecting his obligation to pay the filing fee.

**DATED: June 21, 2010**                         /S/RUDY LOZANO, Judge
                                                **United States District Court**